

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*          *(503) 727-1000*
*Portland, Oregon  97204-2902*          *Fax:  (503) 727-1117*

June 20, 2014

**VIA Email**
Mr. William Brennan
Brennan Law Offices
1600 Locust Street
Philadelphia, PA 19103

   Re:  ***United States v. Young, et al.*, USDC Case No. 11-CR-276-HZ**
       Three Gold Brothers Plea Agreement Letter

Dear Bill:

   Per our discussions, attached is a plea offer to your client, Three Gold Brothers in Case No. 11-CR-276-HZ.  This plea offer is conditioned on co-defendant Eric Janovsky also accepting a plea offer and entering a guilty plea to the Second Superseding Information.  Here are additional terms:

1.  **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**:  Defendant agrees to plead guilty to Count 1 of the Second Superseding Information which charges the crime of Receipt and Possession of Stolen Property that Travelled in Interstate Commerce, in violation of Title 18, United States Code, Section 2315 and admit the forfeiture allegations.  The defendant further agrees to waive its right to presentation of this charge to a grand jury.

3.  **Payments, Return of Property and Other Obligations:** Defendant further agrees to the following: (1) defendant shall make a joint payment of $400,000 with co-defendant Eric Janovsky prior to sentencing in this matter towards its restitution obligation, as outlined in paragraph 8 of this plea agreement; (2) defendant shall return any diamond, band or other jewelry purchased from any co-defendant in this matter that is still in its, or its principals', possession, custody or control, including but not limited to the diamond stolen in the District of Oregon from Margulis Jewelers; (3) defendant shall take all necessary action to administratively dissolve Three Gold Brothers upon completion of the terms of this plea agreement, other than any term of probation imposed by the court; (4) defendant shall provide full, complete and truthful information to the USAO regarding the disposition and location of every diamond or other jewelry item that it purchased from co-defendants in this case; and (5) defendant shall place and pay for an advertisement in a recognized trade journal, to be chosen by the USAO, stating that it pled guilty in federal court to one felony count of Receipt and Possession of Stolen Property and was forced to be dissolved as a result.  The parties will agree upon the appropriate wording of the advertisement, with the United States Probation Office in this District having final approval.

Mr. William Brennan
Re: Three Gold Brothers Plea Agreement
USDC Case No. 11-CR-276-HZ
Page 2

4.      **Penalties**: The maximum sentence for Title 18, United States Code, Section 2315 is ten (10) years imprisonment, a fine of $500,000, three (3) years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

5.      **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss the counts of the Indictment and Superseding Indictment. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6.      **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**: The parties agree that under U.S.S.G. § 2B1.1(a)(1), the base offense level is six (6), and that the offense level should be increased eighteen (16) under U.S.S.G. § 2B1.1(b)(1) because the loss exceeds $1,000,000. Defendant acknowledges and agrees that the loss exceeds $1,000,000 but is less than $2,500,000 and that it will not contest loss at sentencing. The parties do not believe any specific offense characteristics apply. This results in an offense level of 22.

8.      **Restitution:**   Defendant agrees to pay full restitution to the victims of its crimes in the amount of $539,843. Defendant agrees not to contest or challenge the restitution amounts or the identity of the victims. The government will submit the names of the victims, addresses and amounts due to each victim at the time of sentencing. Restitution shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court. Defendant agrees and acknowledges that those funds may be distributed among the victims s ordered by the Court, and that they may also be forfeited by the United States without further order from this court and, if approved by the Attorney General, paid to other victims arising out of the allegations in Count 1 of the Superseding Indictment. Defendant agrees that under no circumstances will any forfeited assets or funds paid toward restitution be returned to it. In fulfilling the obligation of restitution, defendant further agrees as follows:

   A.      **Disclosure of Financial Information**

        Defendant agrees to fully disclose all assets in which it has any interest or over which the defendant exercises control, directly or indirectly, including those held by a nominee or third party. Defendant agrees to truthfully complete the financial statement form provided herein within 14 days from defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven (7) days of the event giving rise to the changed circumstances.

Mr. William Brennan
Re: Three Gold Brothers Plea Agreement
USDC Case No. 11-CR-276-HZ
Page 3

The defendant expressly authorizes the U.S. Attorney's Office to obtain defendant's credit report. The defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information, such releases to be valid for a period extending 90 days from the date of sentencing. Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

The defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §3E1.1.

**B.      Transfer of Assets**

Prior to sentencing, defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before the defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships and corporations.

Defendant agrees that, while the district court sets the payment schedule, this schedule may be exceeded if and when defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the United States may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

9.      **Acceptance of Responsibility**: Defendant must demonstrate to the Court that it fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for its unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility, including by filing a Motion to Withdraw its plea (on any basis) and as otherwise explained in U.S.S.G. § 3E1.1.

10.     **Additional Departures, Adjustments, or Variances:**

A.      The USAO will seek a departure from the applicable sentencing guideline range to the extent contemplated by the terms of the letter agreement between the parties dated June 16, 2014, which is part of this agreement.

B.      So long as all of the terms and conditions of this plea agreement are fulfilled, including the payment of $400,000 and the return of any stolen property, the USAO will seek an additional two (2) level downward variance pursuant to 18 U.S.C. §3553(a) for the defendant's return of stolen property and substantial payment toward restitution.

Mr. William Brennan
Re: Three Gold Brothers Plea Agreement
USDC Case No. 11-CR-276-HZ
Page 4

C.    So long as all terms and conditions of this plea agreement are fulfilled, including the entry of a guilty plea of co-defendant Eric Janovsky, the USAO will seek an additional two (2) level downward variance pursuant to 18 U.S.C. §3553(a) for the global resolution of defendant's case and the case of co-defendant Eric Janovsky.

D.    The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

11.    **Parties' Recommended Sentence**: Pursuant to Title 18, United States Code, Section 3553(a) and so long as defendant demonstrates an acceptance of responsibility as explained above, and fulfills all of the conditions outlined in this agreement, the government will recommend two (2) years of probation.

12.    **Forfeiture Terms**:

A.    **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets described below which are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which defendant admits is property constituting or derived from proceeds obtained directly or indirectly as a result of defendant's criminal activity, as set forth in Count 1 of the Second Superseding Information. Those assets are as follows:

a)    $14,500.00 in U.S. currency in lieu of a 2011 Cadillac Escalade vehicle;
b)    $19,200.00 in U.S. currency in lieu of a 2006 Suzuki motorcycle;
c)    $7,900.00 in U.S. currency in lieu of a 2006 Suzuki motorcycle;
d)    $11,000.00 in U.S. currency in lieu of a 2002 Ford F350 Truck;
e)    $3,046.87 in U.S. currency;
f)    One silver-colored ring, center stone missing, with three baguette diamonds on each side of center;
g)    Two (2) small round diamonds, one weighs 1.26 with GIA control number 1132915245; and one weighs .76 with GIA control number 2135915195;
h)    One silver-colored ring, center stone missing, with multiple round diamonds around the ring and ring center stone setting. Stamped inside of the band is AB PT 950 and 3.01 CT;
i)    One 3.01 carat round diamond, VS1, Color G, GIA number 2135058249;
j)    One 3.25 carat round diamond, VS2, Color D, GIA number 5131058300; and
k)    One silver-colored ring, center stone missing, with two baguettes on sides of center setting and multiple round diamonds all around the band.

Mr. William Brennan
Re: Three Gold Brothers Plea Agreement
USDC Case No. 11-CR-276-HZ
Page 5

B.    **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

13.    **Waiver of Appeal/Post-Conviction Relief:**  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

14.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the parties' agreements or recommendations.

15.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

17.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties

/ / /

Mr. William Brennan
Re: Three Gold Brothers Plea Agreement
USDC Case No. 11-CR-276-HZ
Page 6

listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

/s/ Michelle Holman Kerin

Scott M. Kerin
Michelle Holman Kerin
Assistant United States Attorneys

I am authorized to act on behalf of Three Gold Brothers. I have carefully reviewed every part of this agreement with the attorney for Three Gold Brothers.  On behalf of Three Gold Brothers, I understand and voluntarily agree to its terms.  Three Gold Brothers expressly waives its rights to appeal as outlined in this agreement.  Three Gold Brothers wishes to plead guilty because, in fact, it is guilty.

_7/21/14_
Date

_____
Three Gold Brothers Authorized Representative, Defendant

I represent the defendant as legal counsel.  The individual signed above has the authority to enter into this agreement on behalf of Three Gold Brothers.  I have carefully reviewed every part of this agreement with the authorized representative of defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/21/14
Date

_____
William Brennan, Attorney for Defendant